**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| LOUIS THOMPSON, | : | | |
| Plaintiff | : | | |
| v. | : | Civil Action No.: | 01-1284 (RMU) |
| LARRY MASSANARI<br>Acting Commisionary,<br>Social Security Administration | : | Document Nos.: | 14, 15 |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFF'S MOTION FOR JUDGMENT OF REVERSAL;**
**DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF AFFIRMANCE;**
**REMANDING CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

## I. INTRODUCTION

Before the court is the plaintiff's motion for judgment of reversal and the defendant's motion for judgment of affirmance. The plaintiff, Louis Thompson, claims that he is entitled to Social Security disability benefits because he is unable to work due to several physical impairments. The plaintiff's application was denied. Def.'s Mot. at 2. The court remanded this case, soon after it was filed, to the administrative agency for further proceedings. Those administrative proceedings have now been completed and incorporated into the administrative record of this case. The court must now review the administrative record and determine whether the Commissioner of Social Security's ("Commissioner") decision denying the plaintiff social security insurance benefits should be reversed or affirmed. For the reasons set forth below, the court remands this case to the Commissioner to supplement the administrative record or conduct a rehearing.

## II. BACKGROUND

On October 17, 1997, the plaintiff filed a claim for disability benefits under the Social Security Act, alleging disability since January 2, 1997, due to pain in his low back, chest, leg, side, neck, buttock, and groin; high blood pressure; and headaches. *See* Admin. R. at 28.[1] The claim for benefits was denied at both the initial and reconsideration levels of the administrative agency. Def.' Mot. at 2. On January 13, 1999, an Administrative Law Judge ("ALJ") held a hearing to determine whether the plaintiff is, in fact, disabled. Following the January 1999 hearing, the ALJ issued an administrative decision finding that the plaintiff is "not entitled to a period of disability and disability insurance benefits under Section 216(i) and 223 . . . of the Social Security Act." Admin. R. at 33. That decision became the final decision of the Commissioner on April 6, 2001, when an appellate body within the SSA declined to review the ALJ's decision. Def.'s Mot. at 2.

On June 8, 2001, following final agency action, the plaintiff filed the present action. On January 23, 2002, the court granted the parties' consent motion to remand the case to the Social Security Administration ("SSA") for further proceedings. Those proceedings have now been completed, and this case is back before this court for judicial review of the ALJ's determination.

The plaintiff filed a motion for judgment of reversal and the defendant filed a motion for judgment of affirmance. The court now addresses these motions.

---

[1] All page number references to the administrative record refer to the bates numbers rather than the individual page numbers of the documents found therein.

## III. ANALYSIS

### A. Legal Standard for Review of Final Decision of the Commissioner of Social Security[2]

Federal district courts have jurisdiction over civil cases challenging the final decision of the Commissioner of Social Security. Social Security Act, 42 U.S.C. § 405(g). In seeking judicial review of a final determination of the Social Security Commission, the plaintiff bears the burden of demonstrating the existence of a disability. *Curry v. Apfel*, 209 F.3d 117, 123 (2nd Cir. 2000); *Jones v. Shalala*, 1994 WL 776887 (D.D.C. August 31, 1994). 42 U.S.C. § 405(g) states that

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Substantial evidence "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Fla. Mun. Power Agency v. Fed. Energy Reg. Comm.*, 315 F.3d 362, 365-66 (D.C. Cir. 2003); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The D.C. Circuit has instructed that

> [i]n almost every case brought in the district court under the Act, the issue before the court is the substantiality of the evidence upon which the [Commissioner] based his

---

[2] The plaintiff urges the court to employ a summary judgment legal analysis in reviewing the final action of the Commissioner. Pl.'s Mot. at 6. The plaintiff expressly re-characterizes their motion for judgment of reversal as a motion for summary judgment. *Id.* Such a characterization, however, is woefully inappropriate, and yields an incorrect legal standard. *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977) (noting that the proper standard for reviewing the Commissioner's final decisions is not summary judgment but "either a judgment on the pleadings, Fed. R. Civ. P. 12(c), or an order pursuant to a motion under Fed. R. Civ. P. 7(b)(1)").

> findings of fact. The Act directs the court to enter its judgment upon the pleadings and the transcript of the record . . . If the case is one that involves the taking of additional evidence for any reason, the district court is obliged to obtain an enhancement or revision of the record by way of remand to the [Commissioner.]

*Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977).

While the reviewing court affords considerable deference to the decision rendered by the ALJ and the Appeals Council, the court remains obligated to ensure that any decision rests upon substantial evidence. *See Richardson*, 402 U.S. 389. Accordingly, this standard of review "calls for careful scrutiny of the entire record," to determine whether the Commissioner, acting through the ALJ, "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits [.]" *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citing *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989)). As the D.C. Circuit stated,

> In a disability proceeding, the ALJ "has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability." The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.

*Id.* (quoting *Simms*, 877 F.2d at 1050).

**B. The Administrative Law Judge's Determination Lacks Sufficient Detail**

The plaintiff argues that the ALJ's determination constitutes an abuse of discretion and it should, therefore, be reversed. Pl.'s Mot. at 7. The plaintiff claims that the ALJ did not consider specific evidence in rendering his decision. *Id.* (stating that "nowhere in his decision does the ALJ consider" the plaintiff's cardiac condition, inguinal hernia, emergency room visit to Hadley Memorial Hospital or medications). The plaintiff argues that these failures contravene 20 C.F.R. § 404.1512 (d) and § 404.15120 (a), which sets forth the Social Security Administrations obligations in making "disability" determinations.

The ALJ found that "the claimant has medically-determinable cervical degenerative disease, lumbar disc disease, arthritis of the right shoulder, and knee disorder, [and that] each impairment is severe[.]" Admin. R. at 29. The ALJ concluded that "[b]ased on the substantial evidence of the record," the plaintiff "can lift/carry 20 pounds occasionally and 10 pounds frequently, is limited in push/pull functions using the upper right extremity, can only occasionally climb stairs and ramps, never ladders, ropes, or scaffolds, has limited ability in reaching overhead using the right arm, and should avoid concentrated humidity, extremes in temperature, and hazards such as machinery and unprotected heights." *Id.* at 30. From this, the ALJ determined that the plaintiff is capable of performing jobs at a reduced range of "light work" – the denouement being that the plaintiff's request for Social Security benefits was denied.

The court is mindful that it gives significant deference to the ALJ's determination. *Richardson*, 402 U.S. at 401. The court must analyze all evidence and determine whether the ALJ "has sufficiently explained the weight he has given to obviously probative exhibits . . ." *Butler*, 353 F.3d at 999. Although the ALJ states that he has considered the "substantial evidence in the record," Admin. R. at 30, he fails to indicate the specific evidence considered, the relative weight placed on the evidence considered, or the evidentiary predicate for his findings. Without this type of explication, the court is unable to determine whether the ALJ's determination was based on substantial evidence, as required by the Social Security Act.

Because the record is not supported by substantial evidence, the court remands the case to the Commissioner of Social Security for further action. 42 U.S.C. § 405(g). The Commission may, in its discretion, supplement the administrative record with additional and or modified

findings of fact and the evidentiary basis for the ALJ's findings, conduct a rehearing if necessary, or grant the plaintiff Social Security benefits.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for judgment of reversal without prejudice and denies the defendant's motion for judgement of affirmance without prejudice. This case is remanded to the Commissioner of Social Security to supplement the administrative record, conduct a rehearing if necessary, or grant the plaintiff Social Security benefits. An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 7th day of September, 2005.

RICARDO M. URBINA
United States District Judge